# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLIFFORD DISNEY, # 173952,

        Petitioner,

v.                                          Case Number: 09-CV-11385
                                             Honorable Lawrence P. Zatkoff

DAVID BERGH,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

## I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Clifford Disney, a state prisoner currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan,[1] filed a habeas petition challenging his convictions for operating under the influence, MICH. COMP. LAWS § 257.6256D, and possession of a controlled substance, MICH. COMP. LAWS § 333.74032BB, imposed by a Wayne County Circuit Court jury. He was sentenced as a habitual offender, fourth offense, to five to fifteen years in prison on each count. In his *pro se* pleadings, Petitioner alleges that he is entitled to habeas relief because

---

[1] Pursuant to the Michigan Department of Corrections website, Petitioner is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. However, Petitioner sent a "Change of Address" letter to the Court, dated June 14, 2010, stating that he was incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. To date, the Court has not received another "Change of Address" letter.

(1) there was lack of probable cause for his arrest, (2) there was insufficient evidence to convict him of possession of a controlled substance, (3) his trial counsel was ineffective, and (4) he was denied his right to the effective assistance of counsel at all critical stages of the proceedings. Petitioner elected to represent himself at trial.

Pending before the Court is Respondent's "Motion to Dismiss" [dkt. # 7]. Respondent argues that the petition should be dismissed because Petitioner failed to fully exhaust his state-court remedies regarding his first and fourth claims. In response, Petitioner requests that he be permitted to withdraw his fourth habeas claim but maintains that he exhausted his first claim.

## II. BACKGROUND

Following his convictions and sentences, Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals, claiming that the trial court erred in departing upward from the sentencing guidelines. He subsequently filed a *pro per* supplemental brief, raising the following additional claims:

I. Whether [Petitioner] was denied a fair trial and the effective assistance of counsel by his attorney's failure to request the appointment of an expert on eyewitness identification, undermining the fundamental fairness of the trial.

II. Whether the prosecution failed to prove beyond a reasonable doubt all the elements of the crime.

III. Whether the trial court erred in not instructing the jury that the prosecution must prove all elements of the crime beyond a reasonable doubt.

IV. Whether [Petitioner] was under the influence of a controlled substance

2

at the time of the accident.

V. Whether there was insufficient evidence that [Petitioner] was the driver at the scene of the crime.

The Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Disney*, No. 273367, 2008 WL 162000 (Mich.Ct.App. Jan. 17, 2008). Petitioner subsequently filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the following claims:

I. The prosecution failed to prove beyond a reasonable doubt all the elements of the crime of possession of a controlled substance without a prescription.

II. Counsel was ineffective because he had no defense strategy.

III. The prosecution failed to prove that [Petitioner] was intoxicated before the accident or was the driver at the preliminary hearing.

The Michigan Supreme Court denied the application on May 27, 2008. *People v. Disney*, 481 Mich. 880, 748 N.W.2d 850 (2008). Petitioner did not file a writ of certiorari with the United States Supreme Court or a post-conviction motion with the state court.

### III. DISCUSSION

**A.  Unexhausted Claims**

Federal law provides that a habeas petitioner is only entitled to habeas relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

3

Respondent argues that the instant petition must be dismissed because it contains a claim that Petitioner failed to exhaust with the state courts. Federal courts ordinarily are required to dismiss a habeas petition containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), pursuant to the doctrine of exhaustion of state remedies. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner alleges that he exhausted his first claim (that there was a lack of probable

4

cause to arrest, hereinafter his "Fourth Amendment claim") and expresses a desire to withdraw his fourth claim (denial of counsel at trial). The Court finds, however, that Petitioner has not exhausted either claim because they were not presented to the state courts in any manner. Although the Court will grant Petitioner's request to withdraw his fourth claim, his Fourth Amendment claim remains unexhausted. The Court finds that Petitioner has not shown good cause for failing to exhaust his Fourth Amendment claim in the state courts, *i.e.*, by filing a motion for relief from judgment, before proceeding in federal court on habeas review. Moreover, the unexhausted Fourth Amendment claim concerns matters which may be intertwined with federal law and which, in turn, may warrant further review. Therefore, his Fourth Amendment claim must be addressed to, and considered by, the state courts in the first instance.

The Court notes that a habeas petition not filed within one year and 90 days following the conclusion of a petitioner's direct appeals in state court is time-barred. *See* 28 U.S.C. § 2244(d); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The one-year period is statutorily tolled, however, during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). Moreover, while the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is

5

equitably tolled by the Court. *See*, *e.g.*, *Johnson v. Warren*, 344 F.Supp.2d 1081, 1088-89 (E.D. Mich. 2004).

In this case, the one-year statute of limitations under § 2244(d) does not pose a problem for Petitioner. The one-year limitations period did not begin to run until ninety days after the conclusion of Petitioner's direct appeals, *i.e.*, on or about August 27, 2008. Petitioner thus had until August 27, 2009, to file his habeas petition. Petitioner signed his habeas petition on April 8, 2009, with over four months remaining until the limitations period expired. Given that more than four months of the one-year limitations period remain, Petitioner has sufficient time within which to fully exhaust his Fourth Amendment issue in the state courts and return to federal court should he wish to do so.

Accordingly, and for the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's cause of action.

**B.      Certificate of Appealability/In Forma Pauperis**

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529

U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES** to issue a certificate of appealability. The Court also **DENIES** Petitioner an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state-court remedies as to the first habeas claim contained in his petition. Accordingly, the Court **GRANTS** Respondent's "Motion to Dismiss" [dkt. # 7] and **DISMISSES WITHOUT PREJUDICE** the "Petition for Writ of Habeas Corpus." (Dkt. # 1.)

**IT IS SO ORDERED.**

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: July 21, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2010.

                                        s/Marie E. Verlinde

Case Manager
(810) 984-3290